In the Matter of the Claim of JOSEPH F. CERMAK, Respondent, against GENERAL ELECTRIC COMPANY, Respondent, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 13, 1959.

*John M. Cullen* for appellant.

*Roland C. Radice* and *Emil Peters* for General Electric Company, respondent.

Foster, P. J. Appeal by the Special Disability Fund from a decision of the Workmen's Compensation Board which held that an employer was entitled to the application of section 15 (subd. 8, par. [d]) of the Workmen's Compensation Law, and not relegated to paragraph (ee) of the same statute. Under paragraph (d) the employer would be entitled to reimbursement for compensation paid after 104 weeks; under paragraph (ee) the time limit would be 260 weeks.

Claimant, now over 60 years of age, has been a deaf mute since childhood. He was employed by the General Electric Company for more than 40 years as a lathe operator in its porcelain department, and there eventually developed a generalized pulmonary silicosis as a result of his occupation. The board has found, and there is substantial evidence to sustain the finding, that silicosis caused him to become totally disabled on July 2, 1956. It is obvious on the face of it that claimant was hired with a permanent physical impairment that was known to the employer. The question remains however whether the employer may apply for reimbursement for the payment of compensation beyond 104 weeks, as provided for in paragraph (d) of the statute, or whether the employer may only apply for reimbursement against the payment of compensation after 260 weeks as provided for in paragraph (ee). We think the decision of the board was incorrect as a matter of law for two reasons. Paragraph (d) of the statute provides as follows: '' If an employee of an employer who has secured the payment of compensation as required under the provisions of section fifty of this chapter, who has a total or partial loss or loss of use of one hand, one arm, one foot, one leg or one eye, or who has other permanent physical impairment incurs a subsequent disability by accident arising out of and in the course of his employment or an occupational disease arising therefrom, *resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury or occupational disease alone,* the employer or his insurance carrier shall in the first instance pay all awards of compensation and all medical expense provided by this chapter, but such employer or his insurance carrier, except as specifically provided in paragraph (ee) of this subdivision, shall be reimbursed from the special disability fund created by this subdivision for all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability.'' (Emphasis supplied.)

On the face of it the foregoing language does not apply to the unfortunate plight of claimant so far as reimbursement to the

employer is concerned. It should be noted that the language stipulates as a condition precedent to reimbursement that the permanent disability chargeable to the Special Fund must be the result of both the pre-existing condition and the subsequent accident, or occupational disease, and must be materially and substantially greater than that which would have resulted from the accidental injury, or occupational disease, alone. Since it has been found, and indeed conceded, that claimant was totally disabled due to silicosis an application for reimbursement under paragraph (d) is automatically barred (*Matter of Green* v. *Hengerer Co.*, 1 A D 2d 856). When a person is totally disabled as the result of an accident a pre-existing condition cannot as a matter of mere logic add anything substantial to the disability.

The second reason which indicates the incorrectness of the board's decision as a matter of law is found in the fact that paragraph (ee) of the same statute sets up a special method of dealing for total disability caused by silicosis or other dust diseases. The pertinent part of paragraph (ee) as it relates to this case reads as follows: '' If an employee  *  *  *  is totally disabled from silicosis or other dust disease  *  *  *  the *provisions of this subdivision shall apply* except as hereinafter stated; *and it shall not be required that the employee had, either at the time of hiring or during the employment, any previous physical condition or disability which may result in such total disability or death.*'' (Emphasis supplied.)

It is clear from the foregoing language that the Legislature intended that this paragraph was to be exclusive of all other provisions of the section relating to silicosis coming within the provisions of subdivision 8 of section 15 of the statute. In support of this interpretation there is also this language in paragraph (d): '' the employer or his insurance carrier shall in the first instance pay all awards of compensation and all medical expense provided by this chapter, but such employer or his insurance carrier, *except as specifically provided in paragraph (ee) of this subdivision,* shall be reimbursed from the special disability fund.'' (Emphasis supplied.)

The statute was amended by the Legislature in 1947 (L. 1947, ch. 431, § 7) to include silicosis cases as a proper charge against the Special Disability Fund. If such cases were to be governed by paragraph (d) it seems logical to conclude that the amendment would undoubtedly have been incorporated and included in such paragraph. However since such cases were given special consideration and a separate paragraph provided for them, with respect to the application of the statute, there is every

justification for holding as a matter of law that paragraph (ee) is exclusive.

The decision of the Workmen's Compensation Board should be reversed and the matter remitted for a determination not inconsistent herewith, with costs to the Special Disability Fund.

BERGAN, COON, HERLIHY and REYNOLDS, JJ., concur.

Decision of the Workmen's Compensation Board reversed and the matter remitted for a determination not inconsistent with the opinion herein, with costs to the Special Disability Fund.